**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Case No. 17-31670 |
| | Chapter 11 |
| Stinar HG, Inc., | |
| Debtor. | |

**OBJECTION TO MOTION FOR EXPEDITED RELIEF, USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**

Signature Bank, a secured lender of the debtor, objects to the debtor's motion to use cash collateral and also objects to any use of cash collateral by the Debtor pursuant to 11 U.S.C. § 363 except upon terms and conditions acceptable to Signature Bank and approved by this Court. In support of its objection, Signature Bank states as follows:

1. The debtor in its motion admits that Signature Bank has an interest in cash collateral based on "two loans totaling a current balance of approximately $1,132,482.00." (dkt. 4 at 7).

2. The debtor in its motion admits that Signature Bank has a blanket lien in all of Stinar's assets. (dkt. 4 at 7.).

3. The debtor filed with its schedules an income statement for the period ending March 31, 2017, showing a net loss before interest and taxes of $517,001.74, or a loss of approximately $172,334 per month.

4. The debtor's Schedule A/B shows the following assets that could be cash collateral: (1) petty cash, $400.00; (2) checking account, $27,146.00; (3) accounts receivable, $302,709.00; (4) investments, $11,230.00.[1] This totals $341,485.

5. Based on the debtor's history of negative cash flow, Signature Bank does not believe that operations will generate new proceeds sufficient to provide adequate protection for the diminishment of cash collateral.

6. The debtor's offer of installment payments does not provide adequate protection because the money for the installment payments would come from cash collateral and would be insufficient to provide adequate protection from the diminishment of cash collateral due to other expenditures for operations with negative cash flow.[2]

7. Signature Bank does not consent to the debtor's use of cash collateral.

8. In determining whether a debtor should be permitted to use cash collateral:

> (1) The court must establish the value of the secured creditor's interest; (2) the court must identify risk to the secured creditor's value resulting from the debtor's request for cash collateral; and (3) the court must determine whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence.

*Martin v. United States (In re Martin),* 761 F.2d 472, 476-77 (8th Cir. 1985). When a debtor seeks the use of cash collateral, it has the burden of proving that its proposal adequately protects the creditor's interest. 11 U.S.C. § 363(p)(1).

9. The debtor has failed to carry its burden to provide Signature Bank adequate protection. Because the debtor has failed to carry its burden, the Court should deny the debtor's motion.

---

[1] "'cash collateral' means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents." 11 U.S.C. § 363(a).

10. Pursuant to Local Rule 9013-2(c), Signature Bank gives notice that it may, if necessary, call Daniel J. Roberts, Senior Vice President of Signature Bank, to testify to factual matters raised in this objection.

WHEREFORE, Signature Bank respectfully requests that the debtor's motion for use of cash collateral be denied or, in the alternative, debtor be permitted limited use of cash collateral to June 7, 2017.

HELLMUTH & JOHNSON, PLLC

Date: May 24, 2017              By:   /s/ Karl J. Johnson
                                                        Karl J. Johnson, ID #0391211
                                                        8050 West 78th Street
                                                        Edina, Minnesota  55439
                                                        Telephone:  (952) 941-4005

                                                        Attorney for Signature Bank.

---

[2] Signature Bank has suggested that the debtor offer replacement loans in unencumbered assets of Robert Harvey, a principal of the debtor.

## VERIFICATION

I, Karl J. Johnson, hereby verify the following: (1) I am one of the attorneys for the party named in this pleading to which this verification is attached; (2) some of the facts contained in the foregoing pleadings are matters of which I have personal knowledge; (3) some of the facts contained in the foregoing pleadings are matters of record as part of the debtor's petition, schedules, and other pleadings; (4) I am familiar with the record in this case; (5) the party filing this pleading incorporates the record of this case in support of this pleading; and (6) the statements are true and correct to the best of my knowledge, information and belief.

Dated this 24th day of May, 2017.

/s/ Karl J. Johnson
Karl J. Johnson

## VERIFICATION

I, Dan M. Motoyoshi, Vice President of the Movant named in the foregoing Objection to Motion for Expedited Relief, Use of Cash Collateral on an Interim and Final Basis, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this 24 day of May, 2017.

Dan M. Motoyoshi
Vice President
Signature Bank